# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| ZACHARY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 5:25-00488 |
| ) | |
| WILLIAM HOLZAPFEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

On August 6, 2025, Plaintiff, acting *pro se*,[1] filed a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 2) In his Complaint, Plaintiff names the following as Defendants: (1) William Holzapfel, Warden of FCI Beckley; (2) Melissa Crawford, Health Services Administrator; and (3) Ms. Thompson, Medicinal Addiction Treatment Coordinator. (Id.) Plaintiff's Complaint includes only generalized and conclusory allegations, which are insufficient to state a cognizable claim. (Id.)

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). If Plaintiff wishes to proceed with his Bivens claim, Plaintiff should amend his Complaint to ***state specific facts as to how each defendant violated his constitutional rights***. Specifically, Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

If a plaintiff is unaware of the names of the relevant individuals, a plaintiff should designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the Amended Complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the Amended Complaint. Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "John Doe"

or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused him injury.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint (Document No. 2), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will **supersede** the original Complaint (Document No. 2), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs **including dates**, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.[2] Fed. R. Civ. P. 10.

Finally, Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies *prior* to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The

---

[2] In the "Statement of Claim" section of the form Complaint, plaintiff is advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary.

[3] 42 U.S.C. § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntarily dismiss this action and initiate a new action upon completion of the administrative remedy process.

　　Accordingly, it is hereby **ORDERED** that Plaintiff has until **September 8, 2025**, to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. Failure of the Plaintiff to amend his Complaint by September 8, 2025, will result in a recommendation of dismissal of this matter

without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[5].

The Clerk is directed to mail to Plaintiff, who is acting *pro se*, a copy of this Order and a form Complaint.

**ENTER**: August 8, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[5] Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.